UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE ANGLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2545** |
| **NEW RESIDENTIAL MORTGAGE, LLC ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 12). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff Clarence Anglin filed this *pro se* action alleging that a check issued by his loan servicer for property damage that his home sustained as a result of Hurricane Ida was sent to the wrong address, stolen by a third party, and deposited with forged endorsements. Plaintiff has named as Defendants his loan servicer, Caliber Home Loans Inc. ("Caliber"); the bank that issued the check, Bank of America, N.A. ("BANA"); the bank with which the check was deposited, Navy Federal Financial Group, LLC; and the successor loan servicer to Caliber, NewRez, LLC.

Now before the Court is BANA's Motion to Dismiss the claims against it. Plaintiff alleges that the funds at issue were held in an escrow account at BANA and that BANA allowed the amount to be withdrawn. Plaintiff alleges

1

that BANA breached its duty to Plaintiff by failing to investigate the check for fraud, failing to reimburse him, failing to compare the endorsement on the check to Plaintiff's signatures on record, and failing to acknowledge clear error in the alterations to the face of the check. BANA alleges that any tort claims against it are preempted by the Uniform Commercial Code ("UCC"), and Plaintiff's claims against BANA are prohibited therein because he never received the check. Plaintiff has not opposed this Motion. However, the Court may not simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Instead, the Court will consider BANA's arguments herein.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however,

---

[1] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.*),* 757 F.2d 698, 709 (5th Cir.1985).

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

2

accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Under Louisiana law, UCC preemption is "fairly expansive, encompassing preemption of any additional claim that is inconsistent not only with the text of the UCC, but also with its overarching 'purposes and policies.'"[9] "While other Louisiana law can supplement the UCC, if there is any conflict or inconsistency with the UCC, the UCC governs."[10] Article 3 of the UCC address the transaction at issue, applying to "negotiable instruments," such as checks.[11] Accordingly, it is well-settled that "[t]he UCC displaces the Louisiana

---

[5] *Iqbal*, 556 U.S. at 678.
[6] *Id.*
[7] *Lormand*, 565 F.3d at 255–57.
[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[9] Mid-S. Metals, LLC v. Rodriguez, No. CV 24-1150, 2025 WL 1005051, at *2 (W.D. La. Apr. 3, 2025).
[10] *Id.*
[11] LA. REV. STAT. § 10:3-102.

law applicable to negligent acceptance, payment, or presentment of a forged check by a depositary bank prior to its enactment."[12]

Plaintiff's claim is properly characterized as conversion of an instrument under Louisiana Revised Statutes § 10:3-420. "[A]n instrument is converted if it is taken by transfer other than a negotiation from a person not entitled to enforce the instrument."[13] As BANA points out, § 10:3-420 expressly provides that a payee, such as Plaintiff, does not have a remedy against a drawee bank when he, as here, did not receive the check.

> [I]f the check is never delivered to the payee, the obligation owed to the payee [by the drawer of the check] is not affected. If the check falls into the hands of a thief who obtains payment after forging the signature of the payee as an indorsement, the obligation owed to the payee continues to exist after the thief receives payment. Since the payee's right to enforce the underlying obligation is unaffected by the fraud of the thief, there is no reason to give any additional remedy to the payee. The drawer of the check has no conversion remedy, but the drawee is not entitled to charge the drawer's account when the drawee wrongfully honored the check. The remedy of the drawee is against the depositary bank for breach of warranty under Section 3-417(a)(1) or 4-208(a)(1).

---

[12] Innovative Hosp. Sys., L.L.C. v. Abe's Inc., 52 So. 3d 313, 316 (La. App. 3 Cir. 2010).
[13] LA. REV. STAT. § 10:3-420 cmt. 1.

The loss will fall on the person who gave value to the thief for the check.[14]

Accordingly, BANA is correct that Plaintiff, the payee, cannot succeed on his claims against it, the drawee bank, under Louisiana's UCC laws when he never received the check at issue.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff's claims against Bank of America, N.A. are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 16th day of June, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[14] *Id.* § 10:3-420.