UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE ANGLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2545** |
| **NEW RESIDENTIAL MORTGAGE, LLC ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Navy Federal Credit Union's Motion to Dismiss (Doc. 22); NewRez LLC's Motion to Dismiss (Doc. 29); Caliber Home Loans Inc. and New Residential Mortgage LLC's Motion to Set Aside Default (Doc. 33); and New Residential Mortgage LLC's Motion to Dismiss (Doc. 34). For the following reasons, Defendant Navy Federal Credit Union's Motion to Dismiss is **DENIED**; Defendant NewRez LLC's Motion to Dismiss is **GRANTED**; Defendants Caliber Home Loans Inc. and New Residential Mortgage LLC's Motion to Set Aside Default is **GRANTED**; and Defendant New Residential Mortgage LLC's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff Clarence Anglin filed this *pro se* action alleging that a check issued by his loan servicer for property damage that his home sustained as a result of Hurricane Ida was sent to the wrong address, stolen by a third party,

1

and deposited with forged endorsements. Plaintiff has named as Defendants his loan servicer, Caliber Home Loans Inc. ("Caliber"); the bank that issued the check, Bank of America, N.A. ("BANA"); the bank with which the check was deposited, Navy Federal Financial Group, LLC ("Navy Federal"); and the successor loan holder, New Residential Mortgage, LLC ("NRM"), and servicer, NewRez, LLC ("NewRez"). On June 16, 2025, this Court granted BANA's Motion to Dismiss the claims against it, holding that Plaintiff's claims are preempted by the Uniform Commercial Code ("UCC") and the UCC precludes his claim against BANA.

Now before the Court are Defendant Navy Federal Credit Union's Motion to Dismiss; Defendant NewRez LLC's Motion to Dismiss; Defendants Caliber and NRM's Motion to Set Aside Default; and Defendant NRM's Motion to Dismiss. Plaintiff has responded to only two of these pending Motions. The Court will consider each motion in turn.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however,

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

### A. Navy Federal's Motion to Dismiss

First, Navy Federal moves to dismiss Plaintiff's claims against it, arguing that he has not pleaded facts upon which relief can be granted. Specifically, it argues that it owes Plaintiff no duty. Plaintiff has not responded to Navy Federal's Motion.

Plaintiff's Complaint alleges that Navy Federal is the bank where the fraudulently endorsed check was deposited. He argues that Navy Federal failed to inspect the check at the time of deposit, identify alterations, or recognize that the transaction was unusual for its banking customer. As a result, the fraudulently endorsed check was processed and the amount was withdrawn from Plaintiff's escrow account.

As Navy Federal points out, Plaintiff's claims are preempted by the UCC. Under Louisiana law, UCC preemption is "fairly expansive, encompassing

---

[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

preemption of any additional claim that is inconsistent not only with the text of the UCC, but also with its overarching 'purposes and policies.'"[8] "While other Louisiana law can supplement the UCC, if there is any conflict or inconsistency with the UCC, the UCC governs."[9] Article 3 of the UCC addresses the transaction at issue, applying to "negotiable instruments," such as checks.[10] Accordingly, it is well-settled that "[t]he UCC displaces the Louisiana law applicable to negligent acceptance, payment, or presentment of a forged check by a depositary bank prior to its enactment."[11] Plaintiff's claim is properly characterized as conversion of an instrument under Louisiana Revised Statutes § 10:3-420.

Despite correctly pointing out that the UCC preempts state law, Navy Federal then argues that Plaintiff's claim should be dismissed because it did not owe him a duty under Louisiana negligence law.[12] The correct analysis, however, is whether Navy Federal owed Plaintiff a duty under Louisiana's UCC law. The UCC plainly imposes duties of good faith and ordinary care on

---

[8] Mid-S. Metals, LLC v. Rodriguez, No. CV 24-1150, 2025 WL 1005051, at *2 (W.D. La. Apr. 3, 2025).
[9] *Id.*
[10] LA. REV. STAT. §§ 10:3-102; 10:3-404.
[11] Innovative Hosp. Sys., L.L.C. v. Abe's Inc., 52 So. 3d 313, 316 (La. App. 3 Cir. 2010).
[12] Navy Federal cites only to *Guidry v. Bank of LaPlace*, 954 F.2d 278, 282 (5th Cir. 1992) and *Shreveport Prod. Credit Ass'n v. Bank of Com.*, 405 So. 2d 842, 845 (La. 1981), which discuss transactions that occurred prior to Louisiana's adoption of the UCC.

banks.[13] Navy Federal has not put forth any other argument for dismissal. Accordingly, its Motion to Dismiss is denied.

### B. NewRez LLC's Motion to Dismiss

Next, NewRez moves to dismiss Plaintiff's claim of fraudulent misrepresentation against it, arguing that he has not pleaded facts upon which relief can be granted. In his Complaint, Plaintiff alleges that his home loan was transferred from Caliber to NewRez during the investigation into the fraudulently endorsed check. The Complaint asserts conclusory allegations against NewRez, including that it was "dishonest" in providing information to BANA regarding the check and in communicating with Plaintiff regarding the BANA investigation. Plaintiff alleges that NewRez "acted with the intent to deceive and deliberately misrepresented facts and information with the intent to gain an unauthorized financial advantage."[14]

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fifth Circuit precedent "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"[15] Plaintiff's Complaint does not meet this standard.

That said, Plaintiff has included additional facts in his opposition to NewRez's motion that, if alleged, could state a claim. Specifically, Plaintiff

---

[13] LA. REV. STAT. § 10:4-103.
[14] Doc. 1.
[15] Flaherty & Crumrine Preferred Income Fund, Inc. v. TXLI Corp., 565 F.3d 200, 207 (5th Cir. 2009) (quoting Smallwood v. Pearl Brewing Co., 489 F.2d 579, 605 (5th Cir. 1974)).

alleges that NewRez acted as an agent for Caliber and that both companies provided "constant reassurance that the funds would be returned."[16] He contends that NewRez and Caliber represented that they would timely file a claim for return of funds with BANA. He alleges that the Defendants delayed for nearly a year in submitting the claim to BANA, resulting in its determination not to reimburse the funds. Plaintiff alleges that he relied to his detriment on Defendants' representations that they were working on resolving the issue and that it would be corrected either by BANA, Caliber, or NewRez. Accordingly, while Plaintiff's Complaint fails to state a claim, the Court will allow Plaintiff leave to amend his Complaint to add additional facts supporting his claim against NewRez. NewRez's Motion to Dismiss is granted.

### C. NRM and Caliber's Motion to Set Aside Default

NRM and Caliber have moved for an order setting aside the default entered against them. On February 24, 2025, the Court received returns of service for Defendants Caliber and NRM. The returns show that both defendants were served through CT Corporation on February 3, 2025. Both Defendants failed to respond, and on September 11, 2025, Plaintiff moved for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The Court entered default on September 16, 2025. On September 23, 2025, CT Corporation issued a Notice of Rejected Service of Process in regards to the order of entry of default. The next day, counsel enrolled on behalf of NRM,

---

[16] Doc. 36.

Caliber, and NewRez. The instant Motion to set aside default was filed on October 24, 2025.

Rule 55(c) permits the trial court to set aside an entry of default for "good cause."[17] To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether granting the motion would prejudice the non-moving party; and (3) whether a meritorious defense is presented.[18] These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default.[19] In deciding a Rule 55(c) motion, the Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[20]

Defendants ask the Court to set aside default because NRM was not properly served and the failure to appear was not willful. First, NRM argues that CT Corporation is not its registered agent for service of process and there is no evidence that its proper registered agent, Corporation Service Company ("CSC") was served. As for Caliber, its default was the result of miscommunication and human error in which the service "fell through the cracks."[21] In any event, Movants argue, they acted immediately to appear in the matter after receiving notice of the entry of default and that Plaintiff is not prejudiced by setting aside the default. Each Defendant also contends that it

---

[17] FED. R. CIV. P. 55(c).
[18] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).
[19] Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992).
[20] *See Lacy*, 227 F.3d at 292.
[21] Doc. 33-2 at 4.

has a meritorious defense, evidenced in part by NRM's pending Motion to Dismiss. Plaintiff has not opposed this Motion.

The Court finds that the balance of Rule 55(c) factors weighs in favor of setting aside default in this matter. First, the default was not willful. NRM contends it did not receive notice of the lawsuit, and Caliber's failure to timely answer was due to some confusion and miscommunication on the part of its attorneys. Second, any potential prejudice Plaintiff may suffer as a result of setting aside default is negligible. The matter is in its infancy, and the Court has not set any deadlines or a trial date. Third, the Court notes that Defendants acted expeditiously to correct the default, enrolling counsel and moving to set aside the default within a month. Given the foregoing, Defendants have established the good cause necessary under Rule 55(c) to set aside default. Accordingly, the Motion is granted, and the entry of default against Defendants shall be set aside.

**D. NRM's Motion to Dismiss**

Finally, NRM has moved to dismiss the claims against it for improper service and failure to state a claim. Plaintiff has opposed.

As to improper service, NRM alleges that Plaintiff served his Complaint on CT Corporation, but its registered agent for service of process is CSC. The proof of service filed into the record shows service by a process server on an employee of CT Corporation "designated by law to accept service of process on behalf" of NRM on February 3, 2025. In his opposition to this Motion, Plaintiff attaches a copy of the Louisiana Secretary of State website that he contends was printed around the time of service showing CT Corporation as NRM's agent for service of process. However, a search of the Louisiana Secretary of

8

State website shows that CSC was appointed as NRM's registered agent on December 4, 2024.[22] Accordingly, service on CT Corporation in February 2025 was improper.

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[23] "In the absence of valid service of process, proceedings against a party are void."[24] Rule 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"To establish good cause, a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[25]

The Court finds that Plaintiff has shown good cause for his failure to timely and properly serve NRM. NRM changed its registered agent for service of process after Plaintiff filed his Complaint but before service could be effected. Plaintiff's efforts in serving NRM's previously listed registered agent,

---

[22] Courts may take judicial notice of public records maintained by the secretary of state because their accuracy "cannot reasonably be questioned." Swindol v. Aurora Flight Scis. Corp., 805 F.3d 516, 519 (5th Cir. 2015).

[23] Wallace v. St. Charles Par. Sch. Bd., 2005 WL 1155770, at *1 (E.D. La. 2005).

[24] Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).

[25] Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990) (internal quotations omitted).

"coupled with his pro se status, arguably provide grounds for leniency in considering the technical imperfections of service."[26] Further, CT Corporation did not file its Notice of Rejected Service until after it was served with the entry of default—more than seven months after the initial improper service—and therefore Plaintiff did not know that service was improper in sufficient time to remedy it. Accordingly, the Court will extend the time for service of process for 30 days so that Plaintiff can properly serve NRM. Plaintiff should file proof of completed service in the docket. Failure to effect service within 30 days of this Order will result in dismissal of Plaintiff's claims against NRM without prejudice.

Because the Court has determined that NRM has not been properly served, it will not address Defendant's alternative arguments for dismissal premised on failure to state a claim at this time.[27] NRM's Rule 12(b)(6) Motion to Dismiss is denied without prejudice to the right to reurge it after proper service.

## CONCLUSION

For the foregoing reasons, Defendant Navy Federal Credit Union's Motion to Dismiss is **DENIED** (Doc. 22); Defendant NewRez LLC's Motion to Dismiss is **GRANTED** (Doc. 29); Defendants Caliber Home Loans Inc. and New Residential Mortgage LLC's Motion to Set Aside Default is **GRANTED**

---

[26] *Id.*
[27] *See* Strausbaugh v. New Orleans VA Hosp., No. 19-740, 2020 WL 9213697, at *3 (S.D. Miss. Feb. 12, 2020).

(Doc. 33); and Defendant New Residential Mortgage LLC's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** (Doc. 34).

**IT IS FURTHER ORDERED** that the entry of default against Caliber Home Loans Inc. and New Residential Mortgage LLC is set aside (Doc. 21).

**IT IS FURTHER ORDERED** that Plaintiff shall have an extension of 30 days from the date of this Order to properly serve Defendant New Residential Mortgage LLC. Failure to timely effect proper service will result in dismissal without prejudice of Plaintiff's claims against New Residential Mortgage LLC pursuant to Federal Rule 12(b)(5).

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint within 30 days of this Order to the extent that he can remedy the pleading deficiencies identified herein. Failure to timely file an amended complaint will result in dismissal with prejudice of Plaintiff's claims against NewRez, LLC pursuant to Federal Rule 12(b)(6).

New Orleans, Louisiana this 29th day of December, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

11