**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLARENCE ANGLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2545** |
| **NEW RESIDENTIAL MORTGAGE, LLC ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Navy Federal Credit Union's Second Motion to Dismiss (Doc. 53) and New Residential Mortgage LLC's Second Motion to Dismiss (Doc. 54). For the following reasons, the Navy Federal Credit Union's Motion is **GRANTED**; and New Residential Mortgage LLC's Motion is **DENIED**.

## BACKGROUND

Plaintiff Clarence Anglin filed this *pro se* action alleging that a check issued by his loan servicer for property damage that his home sustained as a result of Hurricane Ida was sent to the wrong address, stolen by a third party, and deposited with forged endorsements. Plaintiff named as Defendants his loan servicer, Caliber Home Loans Inc. ("Caliber"); the bank that issued the check, Bank of America, N.A. ("BANA"); the bank with which the check was deposited, Navy Federal Credit Union ("Navy Federal"); and the successor loan holder, New Residential Mortgage, LLC ("NRM"), and servicer, NewRez, LLC

1

("NewRez"). On June 16, 2025, this Court granted BANA's Motion to Dismiss the claims against it, holding that Plaintiff's claims are preempted by the Uniform Commercial Code ("UCC") and the UCC precludes his claim against BANA. This Court also considered motions to dismiss filed by Navy Federal, New Rez, and NRM. Relevant here, the Court denied Navy Federal's Motion on its merits and declined to rule on NRM's arguments for dismissal because it had not been properly served. The Court granted NewRez's Motion to Dismiss but allowed Plaintiff to amend his Complaint to properly allege his claims. Plaintiff filed an Amended Complaint on February 5, 2026, asserting claims against NewRez, NRM, Navy Federal, and Caliber.

Now before the Court are Defendant Navy Federal's Second Motion to Dismiss and Defendant NRM's Second Motion to Dismiss. Plaintiff opposes.[1]

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however,

---

[1] Plaintiff filed an opposition to Navy Federal's Second Motion to Dismiss. While he did not file an opposition to NRM's Second Motion to Dismiss, the Court considers the relevant arguments he made in opposition to NRM's First Motion to Dismiss (Doc. 37).

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

### A. Navy Federal's Motion to Dismiss

Plaintiff brings a claim against Navy Federal for conversion of an instrument under Louisiana's UCC, Louisiana Revised Statutes § 10:3-420. Section 10:3-420 provides in relevant part that "[a]n instrument is converted when . . . it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." Navy Federal moves for dismissal of this claim, arguing that Navy Federal did not breach any duty and that Plaintiff does not have standing to bring a conversion claim.

First, Navy Federal argues that Plaintiff's Amended Complaint alleges no facts that suggest that it failed to act in good faith and with ordinary care under the circumstances. The Court disagrees. The Amended Complaint

---

[5] *Iqbal*, 556 U.S. at 678.

[6] *Id.*

[7] *Lormand*, 565 F.3d at 255–57.

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

alleges that the check listed only Plaintiff as payee, yet the amount was deposited into an account belonging to Keenan Alexis.[9] Further, it alleges that the check was visibly altered, including the payee line, and included forged endorsements. The Court finds these allegations sufficient to state that Navy Federal did not exercise ordinary care in handling the check at issue.

Next, Navy Federal argues that Plaintiff cannot bring a conversion claim because he did not receive delivery of the check at issue. Section 10:3-420 provides that an action for conversion "may not be brought by . . . a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or co-payee." Navy Federal argues that Plaintiff's Amended Complaint expressly alleges that he never received delivery of the check at issue. Indeed, the Amended Complaint plainly states that the check "was not delivered" to Plaintiff and that he was never in "possession or control" of the check.[10] Further, the law is clear that mailing a check to the wrong address does not constitute delivery and does not confer ownership rights to the payee over the check.[11] Accordingly, on its face, Plaintiff's Amended Complaint fails to state a conversion claim under § 10:3-420 against Navy Federal.

However, in his opposition, Plaintiff asserts for the first time that he is the owner of the address where the check was mailed. The comments to § 10:3-420 explain that a "payee receives delivery when the check comes into the payee's possession, as for example when it is put into *the payee's mailbox.*

---

[9] *See* Med Data Serv. Bureau, L.L.C. v. Bank of Louisiana in New Orleans, 898 So. 2d 482, 489 (La. App. 1 Cir. 2004).

[10] Doc. 50.

[11] Lincoln Nat. Bank & Tr. Co. v. Bank of Com., 764 F.2d 392, 398 (5th Cir. 1985).

4

Delivery to an agent is delivery to the payee."[12] Accordingly, it is possible that Plaintiff can amend his Complaint to allege facts that state a conversion claim. At a minimum, this issue of whether the delivery element is satisfied when a check is mailed to an address that the payee owns but does not reside in is one which neither party has briefed. Accordingly, this Court will grant Defendant's Motion to Dismiss, but allow Plaintiff the opportunity to amend his Complaint to the extent that he can properly allege delivery.

### B. NRM's Motion to Dismiss

NRM moves to dismiss the claims against it for failure to state a claim. NRM argues that Plaintiff's Amended Complaint does not allege any wrongdoing on the part of NRM. Instead, Plaintiff's Amended Complaint attempts to hold NRM liable for the acts of its subsidiary, NewRez. NRM argues that a parent company is generally not liable for the acts of its subsidiaries. It also contends that it is unclear which acts of NewRez Plaintiff intends to hold NRM liable for.

Plaintiff's Amended Complaint alleges that NRM acquired the servicing rights to Plaintiff's mortgage loan from Defendant Caliber, and NewRez acted as NRM's authorized agent in the servicing of that loan. Plaintiff alleges that NewRez represented that it was issuing communications on behalf of NRM. Plaintiff alleges that NewRez's "acts and omissions are attributable to NRM under principles of actual authority, apparent authority, and ratification."[13] Plaintiff's Amended Complaint asserts claims against NewRez for fraudulent

---

[12] LA REV. STAT. § 10:3-420 (cmt.) (emphasis added).
[13] Doc. 50 at 19.

misrepresentation, negligence, and violations of the Real Estate Settlement Procedures Act ("RESPA").

In its Motion, NRM does not meaningfully engage with any of the theories of liability pleaded by Plaintiff. While it is true that a parent company is generally not liable for the acts of its subsidiaries, there are certainly exceptions to this rule—such as the theories pleaded by Plaintiff.[14] Plaintiff's Amended Complaint plainly lays out his claims against NewRez, yet NRM's Motion does not evaluate its potential vicarious liability on any of those claims. "Conclusory statements, especially ones that disregard relevant portions of a plaintiff's complaint have been found insufficient to support dismissal pursuant to rule 12(b)(6)."[15] Accordingly, NRM has not carried its burden to show why Plaintiff's claims against it should be dismissed.[16]

## **CONCLUSION**

For the foregoing reasons, Defendant Navy Federal Credit Union's Motion to Dismiss is **GRANTED**, and Defendant New Residential Mortgage

---

[14] *See* Andry v. Murphy Oil, U.S.A., Inc. 935 So. 2d 239, (La. App. 4 Cir. 2006) (stating that Louisiana law permits a court to hold the parent company liable for it subsidiary's actions when there is proof that the parent company knew of and approved those actions); Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp., 456 U.S. 556, 566 (1982) ("[A] principal is liable for an agent's misrepresentations that cause pecuniary loss to a third party, when the agent acts within the scope of his apparent authority."). This Court makes no finding as to whether Plaintiff has sufficiently pleaded a claim under any of these theories. The Court simply finds that Defendant has not carried its burden to show otherwise.

[15] #1 Fan Co., LLC v. Pepco Licensed Prods., Inc., No. SA-09-CA-1029-FB, 2011 WL 13269165, at *2 (W.D. Tex. Mar. 16, 2011).

[16] "To prevail on a motion to dismiss an ordinary claim under Fed.R.Civ.P. 12(b)(6), a defendant must show that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994) (citation modified).

LLC's Motion to Dismiss is **DENIED**. Plaintiff shall amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified in his claim against Navy Federal. Failure to amend will result in dismissal of Plaintiff's claims against Navy Federal.

New Orleans, Louisiana this 22nd day of June, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

7