**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLARENCE ANGLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2545** |
| **NEW RESIDENTIAL MORTGAGE, LLC ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Navy Federal Credit Union's Third Motion to Dismiss (Doc. 53). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Clarence Anglin filed this *pro se* action alleging that a check issued by his loan servicer for property damage that his home sustained as a result of Hurricane Ida was sent to the wrong address, stolen by a third party, and deposited with forged endorsements. Plaintiff named as Defendants his loan servicer, Caliber Home Loans Inc.; the bank that issued the check, Bank of America, N.A.; the bank with which the check was deposited, Navy Federal

Credit Union ("Navy Federal"); and the successor loan holder, New Residential Mortgage, LLC, and servicer, NewRez, LLC.[1]

This matter has been through a series of motions to dismiss filed by each defendant. Relevant here, Navy Federal filed its first Motion to Dismiss on September 23, 2025, arguing that Plaintiff had failed to state a claim against it.[2] This Court denied that motion, holding that Plaintiff's claim against Navy Federal is preempted by the Uniform Commercial Code ("UCC") and that Navy Federal's arguments regarding Louisiana negligence law were inapplicable.[3] On February 5, 2026, Plaintiff amended his Complaint, and Navy Federal responded with its second Motion to Dismiss.[4] There, Navy Federal argued that Plaintiff cannot bring a conversion claim under the UCC § 10:3-420 against it because he did not receive delivery of the check at issue. The Court agreed but allowed Plaintiff to amend his Complaint to the extent that he could plead facts showing delivery of the check.[5]

Plaintiff filed a Second Amended Complaint on July 15, 2026.[6] Navy Federal responded with the instant Motion to Dismiss, again arguing that Plaintiff has failed to state a conversion claim under the UCC. Plaintiff has not filed an opposition. However, the Court may not simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of

---

[1] On June 16, 2025, this Court dismissed Plaintiff's claims against Bank of America, N.A. Doc. 14.

[2] Doc. 22.

[3] Doc. 43.

[4] Docs. 50, 53.

[5] Doc. 62.

[6] Doc. 66.

dispositive motions with considerable aversion.[7] Accordingly the Court will consider the merits of Navy Federal's Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[8] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[10] The court need not, however, accept as true legal conclusions couched as factual allegations.[11] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[12] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[13] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[14]

---

[7] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[8] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[9] *Id.*

[10] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[11] *Iqbal*, 556 U.S. at 678.

[12] *Id.*

[13] *Lormand*, 565 F.3d at 255–57.

[14] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

**LAW AND ANALYSIS**

Plaintiff brings a claim against Navy Federal for conversion of an instrument under Louisiana's UCC, Louisiana Revised Statutes § 10:3-420. Section 10:3-420 provides in relevant part that "[a]n instrument is converted when . . . it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." Navy Federal argues that Plaintiff cannot bring a conversion claim because he did not receive delivery of the check at issue. Indeed, § 10:3-420 provides that an action for conversion "may not be brought by . . . a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or co-payee." The comments to § 10:3-420 explain that a "payee receives delivery when the check comes into the payee's possession, as for example when it is put into the payee's mailbox. Delivery to an agent is delivery to the payee."[15] "Until delivery, the payee does not have any interest in the check. The payee never became the holder of the check nor a person entitled to enforce the check."[16] Navy Federal argues that Plaintiff's Second Amended Complaint expressly alleges that he never received delivery of the check at issue and he therefore cannot succeed on his conversion claim.

The Second Amended Complaint states that Plaintiff designated that all claim correspondence from his mortgage servicer be sent to 3400 S. Carrollton Ave, New Orleans, LA. It alleges that the check at issue was instead mailed

[15] LA. REV. STAT. § 10:3-420 (cmt.).

[16] *Id.*

and delivered to 8700 Spruce Street, New Orleans, LA, and that Plaintiff owned but did not reside at the Spruce Street property. It further alleges that Plaintiff "never held the $48k Check in his hand" and that the check was "not delivered to the Designated Address."[17]

The law is clear that mailing a check to the wrong address does not constitute delivery and does not confer ownership rights to the payee over the check.[18] Further, this Court is unaware of any case holding that the delivery requirement is satisfied by delivery to a property owned but not occupied by the plaintiff.[19] Accordingly, on its face, Plaintiff's Amended Complaint does not allege delivery of the check and therefore fails to state a conversion claim under § 10:3-420 against Navy Federal.

## CONCLUSION

For the foregoing reasons, Defendant Navy Federal Credit Union's Motion to Dismiss is **GRANTED**, and Plaintiff's claim against it is **DISMISSED WITH PREJUDICE**.

---

[17] Doc. 66.

[18] Lincoln Nat. Bank & Tr. Co. v. Bank of Com., 764 F.2d 392, 398 (5th Cir. 1985).

[19] *See* Darouiche v. JPMorgan Chase Bank, N.A., No. CV 07-9209, 2010 WL 11541680, at *2 (E.D. La. 2010), *aff'd sub nom.* Darouiche v. Fid. Nat. Ins. Co., 415 F. App'x 548 (5th Cir. 2011) (holding that Plaintiff could not establish that he ever had received delivery of the check at issue, defeating his conversion claim, where the check was mailed to a home he owned but did not reside in and then mailed to another address in New Jersey).

New Orleans, Louisiana this 24th day of September, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**